FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

15 JUN 11 PM 2: 31

OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER, ASSET FREEZE, AND OTHER EQUITABLE RELIEF** |
| v. | |
| NORTH DAKOTA DEVELOPMENTS, LLC, ROBERT L. GAVIN, and DANIEL J. HOGAN, | 8:15-mc-00069 |
| Defendants, | |
| and | Case No. 4:15-cv-053 |
| NORTH DAKOTA DEVELOPMENTS PROPERTY MANAGEMENT LLC, GREAT AMERICAN LODGE LLC, NDD HOLDINGS 1 LLC, NDD HOLDINGS 2 LLC, NDD MODULAR LLC, AUGUSTA EXPLORATION, LLC, and AMES ENGINEERING & DEVELOPMENT SERVICES LLC, | |
| Relief Defendants. | |

Before the Court is an Order to Show Cause why the relief granted in this Court's Order Granting Plaintiff's Motion for Temporary Restraining Order should not continue pending a hearing on the merits of this matter and a receiver be appointed. See Docket No. 5. Defendant North Dakota Developments, LLC ("NDD"), North Dakota Developments Property Management LLC, Great American Lodge LLC, NDD Holdings 1 LLC, NDD Holdings 2 LLC, NDD Modular LLC, and Ames Engineering & Development Services LLC have been served with process through their registered agents for service of process. See Docket Nos. 8 and 12. Defendant Robert Gavin

has been served with process through counsel. See Docket No. 7. Defendant Daniel Hogan has been served with process by email. See Docket No. 8. Defendant Gavin consented to the entry of a preliminary injunction and the appointment of a receiver in this matter.

The Court has held a hearing on the Order to Show Cause and heard all argument made by the parties. Based on the record in this matter, the Court **FINDS** that there is good cause to continue the relief granted in the Order Granting Plaintiff's Motion for Temporary Restraining Order and appoint a receiver. Accordingly, the Court **ORDERS** the following:

### I.

That, until final judgment in this matter enters, Defendants North Dakota Developments, LLC, Robert Gavin, and Daniel Hogan and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)].

### II.

That, until final judgment in this matter enters, Defendants North Dakota Developments, LLC, Robert Gavin, and Daniel Hogan and their officers, directors, subsidiaries, affiliates, agents,

servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

### III.

That, until final judgment in this matter enters, Defendants North Dakota Developments, LLC, Robert Gavin, and Daniel Hogan and Relief Defendants North Dakota Developments Property Management LLC, Great American Lodge LLC, NDD Holdings 1 LLC, NDD Holdings 2 LLC, NDD Modular LLC, Augusta Exploration, LLC, and Ames Engineering & Development Services LLC, and their officers, directors, successor corporation, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from, directly or indirectly, accepting, taking control of, or depositing in any financial institution, funds from investors.

## IV.

That, until final judgment in this matter enters:

A. Except as otherwise specified in this Order, the assets, funds, or other property of Defendants North Dakota Developments, LLC, Robert Gavin, and Daniel Hogan and Relief Defendants North Dakota Developments Property Management LLC, Great American Lodge LLC, NDD Holdings 1 LLC, NDD Holdings 2 LLC, NDD Modular LLC, Augusta Exploration, LLC, and Ames Engineering & Development Services LLC, wherever located, which derive, directly or indirectly, from any investor funds obtained by or on behalf of the Defendants or Relief Defendants in connection with the scheme alleged in the SEC's Complaint, are frozen.[1]

B. Except as otherwise specified in this Order, Defendants North Dakota Developments, LLC, Robert Gavin, and Daniel Hogan and Relief Defendants North Dakota Developments Property Management LLC, Great American Lodge LLC, NDD Holdings 1 LLC, NDD Holdings 2 LLC, NDD Modular LLC, Augusta Exploration, LLC, and Ames Engineering & Development Services LLC, and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, which derive, directly or indirectly, from

---

[1] This includes, but is not limited to, assets in the United Kingdom, including Santander Bank accounts ****2706, ****2719, ****2722, ****2735, ****5930, ****0609, and assets in Malaysia.

any investor funds obtained by or on behalf of the Defendants and Relief Defendants in connection with the scheme alleged in the SEC's Complaint; and

    C.    Except as otherwise specified in this Order, any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets which derive, directly or indirectly, from any investor funds obtained by or on behalf of Defendants North Dakota Developments, LLC, Robert Gavin, and Daniel Hogan or Relief Defendants in connection with the scheme alleged in the SEC's Complaint, held in the name of, for the benefit of, or under the control of Defendants North Dakota Developments, LLC, Robert Gavin, and Daniel Hogan or Relief Defendants North Dakota Developments Property Management LLC, Great American Lodge LLC, NDD Holdings 1 LLC, NDD Holdings 2 LLC, NDD Modular LLC, Augusta Exploration, LLC, and Ames Engineering & Development Services LLC, or their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

    D.    Except as otherwise specified in this Order, no person or entity, including the Defendants, Relief Defendants, or any creditor or claimant against any of the Defendants or Relief Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing or continuance of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order or collection of any judgments arising from such actions; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

E.　For purposes of this Order, the assets held in escrow in the name or for the benefit of North Dakota Developments, LLC are not considered assets of the Defendants or Relief Defendants and are exempt from the freeze ordered herein for the sole purpose of returning the funds to the depositor.

**V.**

That, until final judgment in this matter enters:

A.　Gary Hansen is appointed to serve without bond as receiver in this matter for the assets of NDD and the Relief Defendants, to

1.　preserve the status quo;

2.　ascertain the true financial condition of NDD and the Relief Defendants and the disposition of investor funds;

3.　prevent further dissipation of the property and assets of NDD and the Relief Defendants;

4.　prevent the encumbrance or disposal of property or assets of NDD, the Relief Defendants, and the investors;

5.　preserve the books, records and documents of NDD and the Relief Defendants; and

6.　determine whether NDD or any of the Relief Defendants should undertake bankruptcy filings.

B.　The Receiver is empowered to:

1.　Ascertain the nature and location of, and secure, the assets and property of NDD and the Relief Defendants ("the Receivership Estate");

2.　Take and retain immediate possession and control of all of the assets and

property of NDD and the Relief Defendants;

      3.     Have exclusive control, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets of the NDD or of the Relief Defendants;

      4.     Pay from the Receivership Estate necessary expenses required to preserve the assets and property of NDD and the Relief Defendants;

      5.     Locate assets of the Receivership Estate that may have been conveyed to third parties or otherwise concealed;

      6.     Ascertain the disposition and use of funds obtained by NDD and the Relief Defendants;

      7.     Engage and employ persons, including accountants, attorneys, and experts, to assist in the carrying out of the receiver's duties and responsibilities hereunder.

    C.     The Receiver shall:

      1.     Report to the Court and the parties within 30 days from the date of the entry of this Order, subject to such reasonable extensions as the Court may grant, the following information:

      a. All assets, money, funds, securities, and real and personal property held directly or indirectly by or for the benefit of NDD or Relief Defendants, including, but not limited to, real property, bank accounts, brokerage accounts, investments, business interests, personal property, wherever situated, identifying and describing each asset, its current location and value;

      b. A list of creditors with an interest in the Receivership Estate; and

      c. A preliminary plan for the administration of the Receivership Estate, including a recommendation regarding whether bankruptcy cases should be filed for all of a portion

of the Assets subject to the receivership and a recommendation whether litigation against third parties should be commenced on a contingent fee basis to recover assets for the benefit of the receivership.

  D. NDD, Defendants Gavin and Hogan, and the Relief Defendant shall cooperate with and assist the Receiver in the performance of his duties.

  E. No person or entity, including any creditor or claimant against either Corporate Defendant or any Relief Defendant, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the Assets, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order.

  F. The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

  G. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

  H. The Receiver and his agents, acting within scope of such agency are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or his agents be liable to anyone for their good faith compliance with their receivership duties and responsibilities.

  I. This Court shall retain jurisdiction over any action filed against the Receiver or his agents based upon acts or omissions committed in their representative capacities.

  J. The Receiver and his agents are entitled to reasonable compensation and expense reimbursement from the Receivership Estate as described in the "Billing Instructions for Receivers

in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

D. Within forty-five (45) days after the end of each calendar quarter, the Receiver shall apply to the Court for compensation and expense reimbursement from NDD and the Relief Defendants. At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

E. All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

F. Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership may be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

G. Each Quarterly Fee Application shall:

    1. Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

    2. Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of NDD and the Relief Defendants; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any

person or entity concerning the amount of compensation paid or to be paid from NDD and the Relief Defendants, or any sharing thereof.

H.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

## VI.

That, until final judgment in this matter enters, that Defendants North Dakota Developments, LLC, Robert Gavin, and Daniel Hogan and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's Complaint in this action, or to any communications between or among any of the Defendants and/or Relief Defendants. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

## VII.

That, until final judgment in this matter enters, service of this Order and any other papers or filings may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally

by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated at 5:00 p.m., this 18th day of May, 2015.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court